# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE LOCKINGER<br><br>       Plaintiff,<br><br>   -against-<br><br>INTERNATIONAL BUSINESS MACHINES CORP.<br><br>       Defendant. | 1:22-cv-09888 (JLR)<br><br>**PROTECTIVE ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  WHEREAS all of the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case;

  WHEREAS, the Parties, through counsel, agree to the following terms;

  WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment;

  WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal;

  WHEREAS, as used herein "person" refers to natural persons or to entities, such as corporations; and

  WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court, having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action, and the parties having stipulated to the following provisions;

  IT IS HEREBY ORDERED that any person subject to this Protective Order - including without limitation the Parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other

interested persons with actual or constructive notice of this Protective Order - shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery Material") shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing Discovery Material may designate as "Confidential" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, via redaction or otherwise, only the confidential portion shall be so designated.

   (a) Non-public personal information that may be designated "Confidential" includes, but is not limited to, confidential home addresses, medical records, financial records, educational records, demographic data, names of children, personnel records, such as performance reviews, payroll information, counseling or discipline records, or personally identifiable information, such as social security numbers or dates of birth.

   (b) Non-public business, commercial, or financial information that may be designated "Confidential" includes, but is not limited to, trade secrets, proprietary information, sensitive information, or other information that, in the good faith judgment of the producing person, if disclosed, would be detrimental to the conduct of the producing person's business, the business of any of the producing person's customers or clients, or personal interests.

   (c) any other category of information hereinafter given confidential status by the Court.

3. The producing person or that person's counsel may designate Discovery Material, other than deposition transcripts and exhibits as "Confidential" by stamping or otherwise clearly marking as "Confidential" each document or protected portion of each document in a manner that will not interfere with legibility or audibility.

4. With respect to deposition transcripts, a producing person or that person's counsel may designate a transcript or a portion as Confidential either by (a) indicating on the record during, or at the conclusion of, the deposition that a question calls for Confidential Discovery Material, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after receipt of the transcript, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential, in which case all

counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the receipt of a deposition transcript, the entire deposition transcript will be treated as if it had been designated Confidential.

       5.      If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person had previously produced without limitation should be designated as "Confidential" the producing person may so designate that Discovery Material or portion by promptly notifying all Parties in writing. Such designated Discovery Material or portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Protective Order.

       6.      No person subject to this Protective Order, other than the producing person, shall disclose any of the Discovery Material designated as Confidential to any other person whomsoever, except to:

       (a)      the Parties to this action, their insurers, and counsel to their insurers;

       (b)      counsel retained specifically for this action, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

       (c)      outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

       (d)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

       (e)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

       (f)      any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

       (g)      any witness who testifies at a deposition or trial of this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

       (h)      any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

       (i)      stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

       (j)      this Court, including any appellate court, and the court reporters and support personnel for the same.

      7.      Prior to any disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(c), 6(d), 6(e), 6(f), 6(g) or 6(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

      8.      Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person and all other parties a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

      9.      A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

      10.      Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances) may at any time prior to the trial of this action serve upon counsel for the receiving Party a written notice stating with particularity the grounds for the request. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

      11.      Recipients of Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitation) may not use Confidential Discovery Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material properly obtained independent of this litigation and not through or pursuant to the Federal Rules of Civil Procedure.

12.     Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, no later than 3 business days before any disclosure.  Upon receiving such notice, the receiving person shall not respond to any subpoena for ten (10) calendar days following service of the subpoena or, if the producing person notifies the receiving person within such ten (10) calendar days that it is challenging the subpoena, until such challenge is finally ruled upon. Notwithstanding anything in this paragraph, nothing in this Order shall require any person subject to it to violate a subpoena or Court Order.

13.     Extracts, reproductions, and/or restatements of material designated as Confidential shall also be treated in accordance with the provisions of this Order.

14.     A person may designate as Confidential, subject to this Order, any document, information, or deposition testimony produced or given by any non-party to this case, or any portion thereof.  In the case of documents, designation shall be made by notifying all counsel in writing of those documents to be stamped and treated as such at any time up to thirty (30) days after actual receipt of copies of those documents by counsel for the Party asserting confidentiality.  A Party may dispute a designation of information as Confidential consistent with the procedure for objecting to any designation of confidentiality articulated in paragraph 8.

15.     All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases.  No person may file with the Court redacted documents or documents under seal without first seeking leave to file such papers.  All persons producing Confidential Discovery Material are deemed to be on notice that the Second Circuit puts limitations on the documents or information that may be filed in redacted form or under seal and that the Court retains discretion not to afford confidential treatment to any Confidential Discovery Material submitted to the Court or presented in connection with any motion, application or proceeding that may result in an order and/or decision by the Court unless it is able to make the specific findings required by law in order to retain the confidential nature of such material.  Notwithstanding its designation, there is no presumption that Confidential Discovery Material will be filed with the Court under seal.  The Parties will use their best efforts to minimize such sealing.

16.     All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential.

17.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

18. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

19. Any Personally Identifying Information ("PII") (*e.g.*, social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he, or it shall immediately notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

20. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege, attorney work product protection, or other privilege or immunity ("Inadvertently Disclosed Information"), such disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within three (3) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera review* of the Inadvertently Disclosed Information. The producing party shall retain a copy of the Inadvertently Disclosed Information and shall be prepared to provide such material to the Court for an *in camera review*.

21. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Confidential Discovery Material, and all copies, extracts, reproductions, and/or restatements of material designated as Confidential shall, upon request, be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

22. All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: _____          Dated: _____

                                                      SO ORDERED.

Dated: _____          _____
   New York, New York                                JENNIFER L. ROCHON
                                                      United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CATHERINE LOCKINGER<br><br>       Plaintiff,<br><br>  -against-<br><br>INTERNATIONAL BUSINESS MACHINES CORP.<br><br>       Defendant. | 1:22-cv-09888 (JLR)<br><br>**<u>NON-DISCLOSURE AGREEMENT</u>** |

JENNIFER L. ROCHON, United States District Judge:

  I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Discovery Material or those portions of Discovery Material that have been designated as Confidential.  I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it.  By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.


Dated: _____